JOHN PORTER *v*. W. B. FOOSHEE.

1. REPLEVIN: TRIAL BEFORE JUSTICE OF THE PEACE AND JURY: APPEAL TO CIRCUIT COURT.—In an action of replevin, on an appeal to the Circuit Court

22

from the judgment of a justice of the peace under the act of December, 1862, it is erroneous for the Circuit Court to dismiss the appeal on account of any informalities on the trial before the justice, or because the verdict of the jury was contrary to law. The act provides that the Circuit Court, at the return term of the appeal, shall empanel a jury, and hear and determine the cause anew on the merits in a summary way.

ERROR to the Circuit Court of Chickasaw county. Hon. W. H. Kilpatrick, judge.

*Tucher* and *Green* for plaintiff in error.

*Houston* and *Reynolds* for defendant in error.

HARRIS, J., delivered the opinion of the court.

The plaintiff in error sued out a writ of replevin, under the act of December, 1862, before a justice of the peace, for twelve bales of cotton, which was levied on nine bales, the other three bales returned not found.

A trial was had before the justices and a jury, under the statute, and the jury found a verdict for plaintiff according to the statute, but assessing the value of the whole nine bales at $1,350, their aggregate value. Upon this verdict, judgment was entered for plaintiff for said sum and cost.

An appeal was taken to the Circuit Court, and at the October term, 1866, the defendant moved the court to quash the appeal bond and dismiss the cause, because the verdict of the jury was contrary to law; which motion was sustained by the Circuit Court, and cause dismissed.

To this ruling of the court exceptions were taken and allowed, and the cause prosecuted here by writ of error.

By the 18th section of the act of December, 1863, pp. 155-6, under which this proceeding was instituted, and providing for an appeal to the Circuit Court, "the said Circuit Court" is required, at the return term of the appeal, "to empanel a jury, and hear and determine the said cause *anew on its merits*, in a summary way."

It was therefore erroneous for the Circuit Court to dismiss the cause upon the ground stated in this motion.

Let the judgment be revised and cause remanded, and a *venire de novo* awarded, that the cause may be heard and determined "anew on its merits," as directed by the statute.